**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IR TACTICAL PLLC,** | ) |
| **an Illinois Professional** | ) |
| **Limited Liability Company,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )      **No.** |
| | ) |
| **INSTANT RESPONSE SECURITY** | ) |
| **SERVICE, LLC., an Illinois Limited** | ) |
| **Liability Company; MPSI SECURITY, INC.** | ) |
| **an Illinois Domestic Corporation,** | ) |
| **JULIE A. BANKES, individually;** | ) |
| **and WILLIAM BANKES, individually,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

**NOW COMES** the Plaintiff, IR Tactical PLLC, an Illinois Professional Limited

Liability Company ("Plaintiff"), by and through its attorneys, The Thollander Law Firm,

Ltd. and for its Complaint complains against the Defendants, Instant Response Security,

LLC, an Illinois Limited Liability Company, (hereinafter "Defendant Instant Response"),

MPSI Security, Inc., an Illinois Domestic Corporation (hereinafter "Defendant MPSI"),

Julie A. Bankes, individually (hereinafter "Defendant Julie Bankes"); and William Bankes,

individually (hereinafter "Defendant William Bankes") as follows:

### NATURE OF ACTION

1.      Plaintiff brings an action for common law trademark infringement and

unfair competition pursuant to the Lanham Act (15 U.S.C. § 1125), and state pendent

claims for violating the Illinois Uniform Trade Practices Act (815 ILCS 510/1, *et seq.*), the

Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1, *et seq.*), tortious interference with prospective advantage, common law unfair competition, and unjust enrichment.

## JURISDICTION AND VENUE

2.     The jurisdiction of this Court is conferred and invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because Plaintiff and all of the Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiff's claims occurred within this district.

## THE PARTIES

4.     Plaintiff is an Illinois Professional Limited Liability Company, organized on December 7, 2021, and engaged in security related services in Illinois.

5.     Plaintiff's security related services entail private security guard services including unarmed and armed security, firearms training, spray training, baton training, handcuff training, public event security, and executive personal protection details.

6.     Plaintiff markets and advertises under both its name IR Tactical, PLLC as well as under the service mark "Instant Response Security Services".

7.     Plaintiff advertises its services through its website www.irtactical.net, www.InstantResponseSS.com and through various media, digital billboard ads, paper flyers, local parades, google ads, direct mail, and publications.  Plaintiff's advertising extends into states other than Illinois.

2

8.      Defendant MPSI is an Illinois corporation, incorporated on May 16, 2017, and engaged in competition with Plaintiff.  Upon information and belief, Defendant MPSI conducts business throughout Illinois, including DuPage County, and in other state jurisdictions.

9.      Defendant Julie Bankes is an individual, resident of Illinois and President and Secretary of Defendant MPSI.

10.      Defendant William Bankes is an individual, resident of Illinois and upon information and belief, the husband of Defendant Julie Bankes and is, upon information and belief, a director, shareholder, and employee of Defendant MPSI.

11.      Upon information Defendant William Bankes is actively involved with the day-to-day business activities of Defendant MPSI.

12.      Defendant Instant Response is an Illinois Limited Liability Company, organized on February 17, 2023.

13.      Upon information and belief, Defendant Julie Bankes and Defendant William Bankes are the sole managers and members of Defendant Instant Response.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14.      That on or about August 8, 2019, the predecessor of Plaintiff, IR Tactical, a sole proprietorship, began to use the mark "Instant Response Security Services" as a service mark in advertising, marketing, promoting and branding of its services.

15.      That on or about December 7, 2021, IR Tactical granted Plaintiff exclusive use and ownership of the mark "Instant Response Security Services".

16.      "Instant Response Security Services" is a common law service mark of which Plaintiff claims ownership and corresponding protection under the Lanham Act.

17.     Plaintiff has used the mark "Instant Response Security Services", INSTANTRESPONSE SECURITY SERVICES in the advertising, marketing, promotion and branding of its services. Such use has been in its website, internet google ads, invoicing, letter heads, social medias, hats, shirts, uniforms, and company building signage.

18.     "Instant Response Security Services" is synonymous with Plaintiff.

19.     Upon information and belief, Defendant Instant Response purports to be in the business of security services and is in competition with Plaintiff.

20.     Upon information and belief, Defendant Instant Response was created, organized, and controlled by Defendant Julie Bankes, Defendant William Bankes, and Defendant MPSI.

21.     Prior to February 17, 2023, the Defendants were aware of and had actual knowledge of Plaintiff's use of the mark "Instant Response Security Services".

22.     Defendants did cause to be created, organized and establish Defendant Instant Response for the sole and exclusive purpose of diluting, infringing and otherwise injuring Plaintiff's historic use of the mark "Instant Response Security Services".

23.     Over the course of a significant period of time, Plaintiff has spent, and continues to spend, a substantial amount of time, effort and money to develop, market and maintain its business operations, branding and recognition by the public of Plaintiff's security services.

24.     On or about November 23, 2021 Plaintiff was awarded a security contract to provide security for the Tailgate N Tallboys country music concerts ("Tailgate N Tallboys") to be performed in Bloomington and Taylorville, Illinois.

25.     Defendants MPSI, Julie Bankes and William Bankes did seek, but were not awarded, the security contract for Tailgate N Tallboys.

26.     Defendants MPSI, Julie Bankes and William Bankes were aware of and knew that Plaintiff had been awarded the security contract for the Tailgate N Tallboys country music concerts.

27.     Commencing on or about early February 2023, Defendants MPSI, Julie Bankes and William Bankes did engage in a scheme to establish an enterprise in direct competition with Plaintiff through the use of unfair trade practices and use of Plaintiff's mark "Instant Response Security Services". In particular, Defendants MPSI, Julie Bankes and William Bankes scheme encompassed creating Defendant Instant Response to usurp and otherwise infringe upon Plaintiff's historic use of this mark, good will associated with "Instant Response Security Services", Plaintiff's efforts to advertise, brand and market security services under the mark "Instant Response Security Services", to divert internet inquiries and business opportunities from Plaintiff and to Defendant MPSI and Defendant Instant Response through the use of "Instant Response Security Services".

## COUNT I
### (Common Law Trademark Infringement and Unfair Competition)

1-27.     Plaintiff repeats and realleges paragraphs 1 through 27 above as paragraphs 1 through 27, inclusive, as Count I, as if fully set forth.

28.     At all times herein there was in full force and effect in the federal statute known as the Federal Trademark Act of 1946, 15 U.S.C. 1051, et seq. (the "Lanham Act"), which provides, in pertinent part:

*§1125. False designations of origin, false descriptions, and dilution forbidden*
*(a) Civil action*

*(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.*

15 U.S.C. 1125(a)(1).

29.     Defendants' organization of Defendant Instant Response as an Illinois Limited Liability Company and use of Plaintiff's mark "Instant Response Security Services" violates the Lanham Act in one or more of the following:

a.      falsely advertised ownership of the mark "Instant Response Security Services";

b.      causes confusion as to ownership of "Instant Response Security Services" and services associated with "Instant Response Security Services";

c.      falsely stated and inferred that the designations of the services advertised were those of Plaintiff or that Plaintiff was affiliated with the Defendants;

d.      falsely stated and inferred that the designation of the services advertised were approved, sponsored or affiliated with Plaintiff's operation;

e.      caused likelihood of confusion or of misunderstanding as to source, sponsorship, or approval of Defendants' services; and

f.      caused likelihood of confusion or of misunderstanding as to Defendants affiliation, connection or association with Plaintiff.

6

30.     Defendants' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Plaintiff. Plaintiff has no adequate remedy at law for this injury.

31.     Defendants' actions in using, usurping and infringing upon Plaintiff's common law mark "Instant Response Security Services" does deceive and mislead consumers as to source, sponsorship and performance of security services performed under "Instant Response Security Services".

32.     Defendants' deception was material in that it was likely to influence the public concerning security services and the decision to engage or hire a security company under the guise or belief that the services were those of Plaintiff or affiliated with Plaintiff.

33.     Defendants acted with full knowledge of Plaintiff's use of and statutory and common law rights to "Instant Response Security Services" and without regard to the likelihood of confusion of the public created by Defendants' actions.

34.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's common law trademark "Instant Response Security Services" which will greatly and irreparably injure Plaintiff.

35.     As a result of Defendants' acts, Plaintiff has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Plaintiff is entitled to injunctive relief, to an accounting of Defendants profits, damages, and costs. Further, given the deliberate and malicious use of a confusingly similar imitation of Plaintiff's mark, and the need to deter Defendants from engaging in similar conduct in the future, Plaintiff is entitled to punitive damages and attorneys' fees.

**WHEREFORE**, Plaintiff, IR Tactical PLLC, prays that the Court enter judgment in its favor and against Defendants Instant Response Security, LLC, MPSI Security, Inc., Julie A. Bankes, and William Bankes, as follows:

A.     Temporarily restraining and preliminarily and permanently enjoining and prohibiting Defendants from using "Instant Response Security Services";

B.     Awarding Plaintiff those monies unjustly earned and received by the Defendants as a result of their violations of the Lanham Act;

C.     Awarding exemplary damages in favor of Plaintiff and against each of the Defendants;

D.     Awarding Plaintiff its costs and reasonable attorneys' fees incurred as a result of Defendants' violations of the Lanham Act; and

F.     Granting such further relief as this Court deems just and proper.

## COUNT II
### (Violation of Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, et seq.)

1-27.   Plaintiff repeats and realleges paragraphs 1 through 27 of Count I as paragraphs 1 through 27, inclusive, of Count II as if fully set forth herein.

28.     At all times herein there was in full force and effect a statute in the State of Illinois known as the Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, et seq. (the "Deceptive Trade Practices Act"), which provides, in pertinent part:

> § 2.     *Deceptive trade practices*
> (a)     *A person engages in a deceptive trade practice when, in the course of his or her business, vocation or occupation, the person:*
> *(1) passes off goods or services as those of another;*
> *(2) causes a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;*
> *(3) causes a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another. . .*

8

*(b)    In order to prevail in an action under this Act, a plaintiff need not prove competition between the parties or actual confusion or misunderstanding. . .*

*§3.    A person likely to be damaged by a deceptive trade practice of another may be granted injunctive relief upon terms that the court considers reasonable. Proof of monetary damage, loss of profits or intent to deceive is not required. . . Costs or attorneys' fees or both may be assessed against a defendant only if the court finds that he has willfully engaged in a deceptive trade practice. . .*

815 ILCS 510/2, 3.

29.    Defendants' organization of Defendant Instant Response as an Illinois Limited Liability Company and use of Plaintiff's mark "Instant Response Security Services" violates the Deceptive Trade Practices Act in one or more of the following:

a.    falsely advertised ownership of the mark "Instant Response Security Services";

b.    causes confusion as to ownership of "Instant Response Security Services" and services associated with "Instant Response Security Services";

c.    falsely stated and inferred that the designations of the services advertised were those of Plaintiff or that Plaintiff was affiliated with the Defendants;

d.    falsely stated and inferred that the designation of the services advertised were approved, sponsored or affiliated with Plaintiff's operation;

e.    caused likelihood of confusion or of misunderstanding as to source, sponsorship, or approval of Defendants' services; and

f.    caused likelihood of confusion or of misunderstanding as to Defendants affiliation, connection or association with Plaintiff.

30.    Defendants' acts in using, usurping and infringing upon Plaintiff's common law mark "Instant Response Security Services" does deceive and mislead consumers as to

source, sponsorship and performance of security services performed under "Instant Response Security Services".

31.     Defendants' deception was material in that it was likely to influence the public concerning security services and the decision to engage or hire a security company under the guise or belief that the services were those of Plaintiff or affiliated with Plaintiff.

32.     Defendants' acts and actions did cause false statements to enter interstate commerce.

33.     Plaintiff has been harmed and injured as a result of the acts and actions of the Defendants.

34.     The actions of the Defendants in violating the Deceptive Trade Practices Act were willful and wanton warranting the award of exemplary damages and attorneys' fees.

**WHEREFORE**, Plaintiff, IR Tactical PLLC, prays that the Court enter judgment in its favor and against Defendants Instant Response Security, LLC, MPSI Security, Inc., Julie A. Bankes, and William Bankes, as follows:

A.     Temporarily restraining and preliminarily and permanently enjoining and prohibiting Defendants from using "Instant Response Security Services";

B.     Awarding Plaintiff those monies unjustly earned and received by the Defendants as a result of their violations of the Deceptive Trade Practices Act;

C.     Awarding exemplary damages in favor of Plaintiff and against each of the Defendants;

D.     Awarding Plaintiff its costs and reasonable attorneys' fees incurred as a result of Defendants' violations of the Deceptive Trade Practices Act; and

F.      Granting such further relief as this Court deems just and proper.

## COUNT III
### (Violation of Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq.)

1-34.   Plaintiff repeats and realleges paragraphs 1 through 34, inclusive, of Count II as paragraphs 1 through 34, inclusive, of Count III, as if fully set forth.

35.     At all times herein there was in full force and effect in the State of Illinois a statute known as the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq. (the "Consumer Fraud Act"), which provides, in pertinent part:

> § 2.     *Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to . . . the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby . . . 815 ILCS 505/2.*

36.     The actions of the Defendants by way of their violation of the Deceptive Trade Practices Act constitute continuing and ongoing violations of the Consumer Fraud Act.

37.     Sections 10a(a) and (c) of the Consumer Fraud Act provide that any party injured by virtue of any violation of the Consumer Fraud Act may maintain an action for damages and/or injunctive relief.

38.     Defendants' violations of the Consumer Fraud Act were willful and wanton, warranting the imposition of exemplary damages.

39.     Under Section 10a(c) of the Consumer Fraud Act, Plaintiff is entitled to recover its costs and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff, IR Tactical PLLC, prays that the Court enter judgment in its favor and against Defendants Instant Response Security, LLC, MPSI Security, Inc., Julie A. Bankes, and William Bankes, as follows:

A. Temporarily restraining and preliminarily and permanently enjoining and prohibiting Defendants from further violating the Consumer Fraud Act;

B. Awarding Plaintiff those monies unjustly earned and received by the Defendants as a result of their violations of the Consumer Fraud Act;

C. Awarding exemplary damages against Defendants:

D. Awarding Plaintiff its costs and reasonable attorneys' fees incurred as a result of Defendants' violations of the Consumer Fraud Act; and

E. Granting such further relief as this Court deems just and proper.

## COUNT IV
### (Tortious Interference with Prospective Advantage)

1-27. Plaintiff repeats and realleges paragraphs 1 through 27, inclusive, of Count I as paragraphs 1 through 27, inclusive, of Count IV, as if fully set forth.

28. At all times relevant herein, Plaintiff had a reasonable expectation of entering into a valid business relationship with Tailgate N Tallboys country music concerts.

29. Defendants had knowledge of Plaintiff's expectancy.

30. That on or about March 10, 2023 Plaintiff was involved in contract negotiations with Tailgate N Tallboys country music concerts for security services during the 2023, Summer and Fall concert season.

31.     That on or about April 7, 2023 negotiations between Plaintiff and Tailgate N Tallboys culminated in finalization of a contract for security services by Plaintiff for Tailgate N Tallboys.

32.     This agreement was circulated for signature, Plaintiff had an expectation that the agreement would be signed by Tailgate N Tallboys.

33.     That on April 16, 2023, Tailgate N Tallboys withdrew further consideration of engaging Plaintiff for security services.

34.     That during the period Plaintiff was negotiating with Tailgate N Tallboys Defendants have purposefully interfered with Plaintiff's expectations through one or more of the following:

a.      contacted Tailgate N Tallboys country music concerts in an effort to entice Tailgate N Tallboys from engaging Plaintiff to provide security services;

b.      contacted Tailgate N Tallboys country music concerts claiming that Plaintiff did not have a security contractor license, did not have a security contractor agency license, did not have workmen's compensation insurance and did not have insurance so as to prevent Tailgate N Tallboys from engaging Plaintiff to provide security services;

c.      communicated disparaging comments about Plaintiff so as to prevent Tailgate N Tallboys from engaging Plaintiff;

d.      caused Tailgate N Tallboys not to enter into security services by Plaintiff for Tailgate N Tallboys for the 2023 Summer and Fall concert season; and

e.      engaging in such other acts and actions to interfere with the business operations, profitability, administering and managing of Plaintiff's business.

35. All of the foregoing has prevented Plaintiff from enjoying the economic expectancy of clients and potential clients.

36. Plaintiff has sustained and continues to sustain damages as a result of the acts and actions of Defendants.

**WHEREFORE**, Plaintiff, IR Tactical PLLC, prays that the Court enter judgment in its favor and against Defendants Instant Response Security, LLC, MPSI Security, Inc., Julie A. Bankes, and William Bankes, as follows:

A. Awarding Plaintiff damages against the Defendants as a result of their interference with Plaintiff's prospective advantage; and

B. Granting such further relief as this Court deems just and proper.

**COUNT V**
**(Unjust Enrichment)**

1-36. Plaintiff repeats and realleges paragraphs 1 through 36, inclusive, of Count IV as paragraphs 1 through 36, inclusive, of Count V, as if fully set forth.

37. As a consequence of the actions of Defendants as described above, Defendants have been unjustly enriched, in that they have received revenues as a consequence of their deception, confusion and misunderstanding caused by the use of the Plaintiff's common law service mark "Instant Response Security Services".

38. Defendants are prohibited from financially gaining from their actions.

39. Plaintiff does not know and cannot determine the extent of the revenues wrongfully obtained by Defendants through their actions.

**WHEREFORE**, Plaintiff, Plaintiff, IR Tactical PLLC, prays that the Court enter judgment in its favor and against Defendants Instant Response Security, LLC, MPSI Security, Inc., Julie A. Bankes, and William Bankes, as follows:

A.      Ordering and directing Defendants to provide a detailed accounting of all revenues received as a consequence of the operations of Defendant Instant Response;

B.      Imposing a constructive trust for the benefit of Plaintiff on all revenues received by Defendants as a consequence of the operations of Defendant Instant Response;

C.      Ordering and directing Defendants to pay over to Plaintiff all revenues received as a consequence of the operations of Defendant Instant Response;

D.      Awarding Plaintiff its costs in this action; and

E.      Granting such further relief as the Court deems just and proper.

*Respectfully submitted,*

IR Tactical, PLLC


By:/s/ David C. Thollander
                One of its attorneys


The Thollander Law Firm, Ltd.
450 E. 22nd Street
Suite 213
Lombard, Illinois 60148
Phone: (630) 971-9195
Facsimile: (630) 971-9240
ARDC 6202012
E-Mail: davidthollander@thollanderlaw.com

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law the undersigned as an authorized representative of the Plaintiff, certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

IR Tactical, PLLC

Brandon Monical

Sworn before me this
2ᵗ day of May 2023.

Notary Public

OFFICIAL SEAL
DAVID C THOLLANDER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 5/21/2025

The Thollander Law Firm, Ltd.
450 E. 22ⁿᵈ Street
Suite 213
Lombard, Illinois 60148
Phone: (630) 971-9195
Facsimile: (630) 971-9240
ARDC 6202012
E-Mail: davidthollander@thollanderlaw.com