**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

IR TACTICAL PLLC,                        )
an Illinois Professional                 )
Limited Liability Company,               )
                                         )
     Plaintiff,                         )
                                         )
v.                                       )    No.    23 CV 02775
                                         )    Honorable Thomas M. Durkin
INSTANT RESPONSE SECURITY                )
SERVICE, LLC., an Illinois Limited       )    Magistrate Judge: Honorable
Liability Company; MPSI SECURITY, INC.   )       Maria Valdez
an Illinois Domestic Corporation,        )
JULIE A. BANKES, individually;           )
and WILLIAM BANKES, individually,        )
                                         )
     Defendants.                        )

**PLAINTIFF'S MOTION TO VACATE STAY OF PROCEEDINGS**

**NOW COMES** the Plaintiff, IR Tactical PLLC, an Illinois Professional Limited Liability Company, (hereinafter "Plaintiff"), by and through its attorneys, The Thollander Law Firm, Ltd., and moves to vacate the stay of proceedings entered by this Court on May 21, 2026. In support hereof, Plaintiff states as follows.

1.    On May 20, 2026, Plaintiff filed its Motion to Stay Proceedings Pending Settlement Negotiations ("Motion to Stay"). The Motion to Stay was predicated upon the parties reaching an agreement as to the amount to be paid by the Defendants to Plaintiff in settlement of this action. The specific terms, other than the settlement amount, required additional time to prepare a draft settlement agreement acceptable to the parties.

2.    On May 21, 2026, this Court granted the Motion to Stay (Docket # 131).

3.    Defendants' counsel agreed to prepare and tender an initial draft of the settlement agreement.

4. The undersigned did not believe, at the time of the filing of the Motion to Stay, that the terms of settlement which would be proposed by Defendants' counsel would entail offensive, caustic and inappropriate conditions tethered to settlement of this action. The undersigned's benevolent expectations and beliefs have proven to be erroneous.

5. On May 27, 2026, Defendants' counsel, Rebecca Weissman, remitted a proposed Confidential Settlement and Release Agreement. Ms. Weissman stated in her accompanying correspondence,

"Defendants maintain the stronger position on the merits. Plaintiff lacked the required IDFPR licensure, name and insurance to operate in Defendants' space. An offer of judgment remains outstanding. My clients have both the resources and the inclination to defend this matter through trial. The draft reflects our position."

6. The proposed Confidential Settlement and Release Agreement was riddled with conditions which conflict with a good faith effort to settle this litigation and sought to impose terms upon which no plaintiff, let alone the present Plaintiff, would ever consider or agree upon. Such offending terms and conditions entailed: (a) representations by Plaintiff that Plaintiff is not licensed, registered, certified or authorized to operate in the same regulated professional space [security services] as Defendants; (b) representations that Plaintiff is a defunct entity; (c) representations that Plaintiff is not properly licensed through the Illinois Department of Financial and Professional Regulation ("IDFPR"); (d) representations that Plaintiff is not licensed by IDFPR to lawfully operate Plaintiff's business in the same regulated space [security services] as the Defendants; (e) inclusion of entities and individuals not a party to this litigation and the inclusion of entities Plaintiff may create in the future but are not presently in existence; (f) payment by Plaintiff to Defendants of a penalty and liquidated damages [punitive] for any breach of the Confidential Settlement and Release Agreement; (g) a covenant not to sue or file an administrative complaint with governmental agencies against the Defendants from the beginning

of time through the end of the universe; (h) a continuing obligation by Plaintiff's principal to notify Defendants' counsel of any licensure secured subsequent (through the end of time) to the execution of the Confidential Settlement and Release Agreement; (i) a non-solicitation of Defendants' clients; (j) non-solicitation of Defendants' employees; and (k) Plaintiff's prohibition on confusingly similar marks to those of the Defendants, now and in the future.

7. The foregoing is but a sample, not an exhaustive list, of the unacceptable terms proposed by Defendants and their counsel, Rebecca Weissman.

8. On May 28, 2026, Plaintiff categorically rejected Defendants' proposed Confidential Settlement and Release Agreement.

9. On May 29, 2026, the undersigned remitted to Defendants' counsel, Plaintiff's proposed Confidential Settlement and Release Agreement defining the terms and conditions consistent with the issues raised in this litigation; restricting its application to the parties to this litigation; and offering a more realistic and appropriate agreement by employing terms and conditions which were evenhanded, fair, and uniformly applied.

10. On June 2, 2026, Defendants rejected Plaintiff's proposed Confidential Settlement and Release Agreement, offering yet a slightly watered down version of Defendants' initial Confidential Settlement and Release Agreement. A vast majority of the offensive and inappropriate terms and conditions remained in Defendants' June 2, 2026, Confidential Settlement and Release Agreement.

11. It is readily apparent, given Defendants' proposed Confidential Settlement and Release Agreements, that Defendants do not wish, and apparently never intended, to negotiate in good faith. Defendants prefer to employ intimidation tactics, inclusive of threats and

overburdening Plaintiff financially, to perpetuate this litigation because Defendants "have both the resources and the inclination" to litigate this dispute indefinitely.

12. Settlement is not achievable, commanding that the stay of the proceedings be vacated and this matter proceed accordingly, to and including a hearing on Plaintiff's Motion To Compel, Imposition of Discovery Sanctions, And For Other Relief For Defendants' Failure To Comply With The Court Order of July 23, 2025.

**WHEREFORE**, Plaintiff, IR Tactical PLLC., respectfully requests that this Honorable Court issue an Order vacating the May 21, 2026, stay of the proceedings; set a hearing date on Plaintiff's Motion To Compel, Imposition of Discovery Sanctions, And For Other Relief For Defendants' Failure To Comply with The Court Order of July 23, 2025; and for such other and further relief this Court may deem just and equitable.

*Respectfully submitted,*

IR Tactical, PLLC


By:/s/ David C. Thollander
    One of its attorneys


The Thollander Law Firm, Ltd.
450 E. 22nd Street
Suite 213
Lombard, Illinois 60148
Phone: (630) 971-9195
Facsimile: (630) 971-9240
ARDC 6202012
E-Mail: davidthollander@thollanderlaw.com

4

**<u>CERTIFICATE OF SERVICE</u>**

I, David C. Thollander, one of Plaintiff's attorneys, states that he caused a copy of the foregoing

Motion to be remitted to:

Loftus & Eisenberg, Ltd.
161 W. Madison
Suite 4700
Chicago, Illinois 60602

by electronic mail to Rebecca Weissman at rebecca@loftusandeisenberg.com at or about the

hour of 5:00 p.m. on June 3, 2026.

David C. Thollander

The Thollander Law Firm, Ltd.
450 E. 22nd Street
Suite 213
Lombard, Illinois 60148
Phone: (630) 971-9195
Facsimile: (630) 971-9240
ARDC 6202012
E-Mail: davidthollander@thollanderlaw.com